[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT
In a memorandum of decision dated July 7, 2000, the undersigned denied the defendant's motion for summary judgment. The defendant thereupon sought reargument and reconsideration based on its contention that, inter alia, the undersigned had failed to consider the application of Federal CT Page 11416 Rule 41(b) to the issue of whether the judgment in favor of the defendant in the similar federal action was a judgment "on the merits" and therefore entitled to preclusive effect with respect to the present action. The undersigned agreed that he had not taken Rule 41(b) into account and granted reargument. Having heard argument and reviewed the parties' memoranda of a law, the undersigned concludes that Rule 41(b) does apply, that the judgment of the Federal District Court, affirmed by the Second Circuit Court of Appeals, was on the merits, that the federal judgment is therefore entitled to preclusive effect, and that the motion for summary judgment should be granted.
The factual background of this matter is set forth in detail in the court's July 7, 2000 memorandum of decision and need not be repeated here. The court reaffirms its conclusions in that memorandum of decision that the allegations in the present action are merely restatements of the claims made in the federal action. The only issue to be revisited in this memorandum of decision is whether the federal judgment was a "judgment on the merits".
The undersigned had concluded that because the only basis upon which the court of appeals affirmed the district court's decision was pursuant to Federal Rule 9(b), there had been no final judgment on the merits. Federal Rule 41(b), however, provides in pertiment part that "unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." This court must apply federal law to determine the preclusive effect of a prior federal question judgment. Niagara MohawkCorporation v Tonawanda Band of Seneca Indians, 94 F.3d 747 (2nd Cir. 1996).
In Kern v. Hettinger, 303 F.2d 333 (2nd Cir. 1962), the court concluded that a dismissal for failure to prosecute was a judgment on the merits barring a subsequent action alleging the same claims. "In view of the unequivocal language of Rule 41(b), and the absence of the words "without prejudice', we must and do decide that the dismissal was on the merits and that it was intended to be on the merits." Id.
The dismissal of the Narumanchis' action in the federal court was not "without prejudice". It was not based on lack of jurisdiction, improper venue or failure to join a party under Rule 19. The dismissal of the federal court action, affirmed by the Second Circuit Court of Appeals, must therefore be deemed a "judgment on the merits" for purposes of application of the doctrine of res judicata pursuant to the terms of Federal Rule 41(b). CT Page 11417
The defendant has also urged the court to conclude that the federal court judgment is entitled to preclusive effect because the district court's granting of summary judgment as to the plaintiffs' breach of contract count, not appealed by the plaintiffs, should also have the effect of barring not only that claim but all claims that could have been made, including the ones advanced in this case. Because, however, the court has concluded that Federal Rule 41(b) renders the federal court judgment as one "on the merits" and entitled to preclusive effect, it is not necessary to reach this issue.
In summary, upon reconsideration and reargument, the court concludes that it should have considered and applied Federal Rule 41(b) in determining whether the defendant is entitled to the application of the doctrine of res judicata to the present action. Because the court has concluded that the effect of Rule 41(b) is to render the federal judgment as one "on the merits", the court vacates its July 7, 2000 ruling and grants the defendants' motion for summary judgment.
Jonathan E. Silbeit, Judge